IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANA JO VINES and EDWARD S. VINES, ) ) ) | |
| Plaintiffs, ) ) | |
| ) | CASE NO. 2:14-CV-1183-WKW |
| v. ) ) | [WO] |
| BILLIE GENE COOK and RICHARD SISSON TRUCKING, INC., ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Transfer Venue (Doc. # 15). The motion is opposed by Defendants. (Doc. # 17.) After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the motion is due to be granted.

**I. BACKGROUND**

Plaintiffs filed this lawsuit on October 21, 2014, in the Circuit Court of Dallas County, Alabama, to recover for injuries resulting from an April 2013 automobile accident. On December 1, 2014, Defendant Richard Sisson Trucking, Inc., with the consent of Defendant Billie Gene Cook, removed Plaintiffs' lawsuit to the United States District Court for the Middle District of Alabama, Northern Division. (Doc. # 1.) On January 29, 2015, Plaintiffs filed a motion to transfer venue from the

Middle District of Alabama to the Southern District of Alabama. In support, Plaintiffs highlight that Dallas County, Alabama – the lawsuit's previous state court venue – is located in the Northern Division of Alabama's Southern District, and as a result, the Southern District is the proper district for removal under 28 U.S.C. § 1441(a).

## II. DISCUSSION

Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The parties agree that the action was pending in Dallas County, Alabama, and accordingly, was properly removable to the Northern Division of Alabama's Southern District. Defendants, however, highlight *Peterson v. BMI Refractories*, in which the Eleventh Circuit determined that an error of § 1441(a)'s geographic requirement amounts to a procedural defect. 124 F.3d 1386, 1391 (11th Cir. 1997). Additionally, the Eleventh Circuit explained that, "[a]s with other procedural defects, parties can waive venue requirements" *Id.* (citing 28 U.S.C. § 1406(b)).

Pursuant to § 1406, which speaks to both the cure and waiver of defects, a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any

2

district or division in which it could have been brought" unless a party "does not interpose timely and sufficient objection to the venue." 28 U.S.C. §§ 1406(a), (b). Accordingly, the central question is whether Plaintiffs' motion to transfer is timely under § 1406(b). Defendants argue that Plaintiffs' motion is not timely because it undisputedly was not made within thirty days of the filing of their notice of removal in accordance with § 1447(c). *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Plaintiffs' motion, however, is not a motion to remand the case back to state court, but a motion to transfer the case to the Southern District of Alabama. While the Eleventh Circuit in *Peterson* found that the plaintiffs had waived their right to object to venue, it did so in recognition of the fact that plaintiffs had engaged in extensive litigation in federal court prior to challenging venue and not because the challenge came outside the motion-to-remand window. 124 F.3d 1390–91.

Plaintiffs filed the motion to transfer approximately fifty-nine days after Defendants filed their notice of removal. During the fifty-nine-day window, Plaintiffs only filed a single motion requesting that two of their counsel of record be withdrawn. (Doc. # 13.) Additionally, a Uniform Scheduling Order has yet to be entered. In light of § 1446(a)'s plain language and the limited litigation undertaken by Plaintiffs since the removal of this case, Plaintiffs' motion is deemed timely.

3

Because Plaintiffs' motion to transfer is timely and both parties agree that the present venue is improper pursuant to § 1441(a), venue will be transferred in accordance with § 1406(a).

### III. CONCLUSION

Based on the foregoing analysis, it is ORDERED that Plaintiffs' Motion to Transfer Venue (Doc. # 15) is GRANTED. It is further ORDERED that this case is TRANSFERRED to the Northern Division of the Southern District of Alabama. The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the terms of this Order.

DONE this 27th day of February, 2015.

        /s/ W. Keith Watkins
   CHIEF UNITED STATES DISTRICT JUDGE